## BOTHWELL *v.* THE SAN JUAN LIGHT & TRANSIT CO.

### APPEAL from the District Court of San Juan.

#### No. 123.—Decided June 29, 1907.

MANDAMUS—OBJECT THEREOF.—Where the writ of *mandamus* is issued the object must be to compel the performance of some act which the defendant is bound to perform by reason of his public appointment, office, or duty.

ID.—PUBLIC SERVICE CORPORATIONS—REGULATIONS FOR THE FURNISHING OF ELECTRIC CURRENT.—A public service corporation, holding itself out to furnish electric current for lighting and industrial purposes, has the power to impose, as a condition for the consumption of the current furnished, the discontinuance thereof in case the monthly rates are not paid, and it may require its patrons to make a deposit to guarantee the payment of the electric current consumed monthly.

ID.—CASES, IN WHICH A COMPANY ABUSES ITS POWERS.—Where a company abuses the powers referred to in the foregoing paragraph, the aggrieved party may resort to a competent court and obtain relief by the writ of *mandamus,* and if the court, in view of the evidence introduced, considers that such an abouse of power has occurred, may restore his rights to the aggrieved party, but if it is not shown that the company is in duty bound to furnish electric current to the plaintiff, the writ will be denied.

ID.—CONSIGNATION.—In the case at bar, the plaintiff refused to pay the company the amount of a bill for electric current consumed in his house because he deemed it excessive, and the company discontinued furnishing him with such current. It was alleged in the petition that the meter was out of order and that the plaintiff was ready to pay what he really owed for current consumed, and made a consignation before the proper judicial authority to the amount of another bill pending payment and about which there was no dispute, and he prayed that the company be required to continue to furnish him with electric current. *Held:* That it not having been shown that the meter was out of order, or that the plaintiff did not owe the sum demanded by the company, and there being no means of determining the date upon which the consignation was made, or whether or not it was sufficient, the writ should be denied.

The facts are stated in the opinion.

*Mr. Antonsanti* for appellant.

*Mr. Hord* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 25 of the current year Samuel C. Bothwell filed a sworn petition in the first section of the District Court of San Juan, for a peremptory writ of *mandamus* against

The San Juan Light & Transit Co., to at once proceed to reestablish the wire connection which supplied electric light to the house in which he lives on Serra Street in Santurce, and to change the meter which said company has installed in said house for registering the electric current consumed monthly for one working properly, and that the costs be taxed against the defendant company.

The issuance of a peremptory writ of *mandamus* was denied by decision of the 25th day of January, and this decision was reversed on appeal by this Supreme Court on the following 4th of February, for the reason that, although the facts alleged by the petitioner did not show the propriety of such writ, they were sufficient for the lower court to issue an alternative writ of *mandamus,* which was done by the judge of the first section of the District Court of San Juan, ordering the defendant to comply immediately with the request of the plaintiff, or otherwise to appear and show cause why the writ should not be made permanent, the 8th of said month of February being set for the hearing.

Upon the arrival of this date, the petitioner, Samuel C. Bothwell, amended the petition for a writ of *mandamus,* without changing the terms of the prayer first formulated, the facts alleged in the amended petition being the following:

"1. That the petitioner is a citizen of the United States residing in Porto Rico, and the defendant is a corporation duly incorporated under the laws of the State of New York, which is engaged, among other business, in furnishing electric current for lighting purposes to the residents of San Juan and the *barrio* of Santurce.

"2. That the defendant company furnishes the electric light by means of wires connecting its electric plant with the different houses, the petitioner having information that the capacity of the company to furnish light is not exhausted.

"3. That during the month of December, 1906, and for a long time before that date, the petitioner was a subscriber of the defendant corporation, which furnished him light according to its obligation to him and the public in general, the plaintiff paying monthly the amount of the bills presented to him for consumption of light according to the

meter, and that the wires, bulbs and other appliances for furnishing light which are installed in said house, with the exception of the meter, belong to the owner of the house who leased them to him with the house.

'4. That until December 1 last said meter had apparently been working properly, but subsequently got out of order to such an extent that it registered far more current than that actually consumed; for this reason he requested the company to change it and it took it down, but instead of replacing it by a new or different meter, it replaced the same one which was in a bad condition.

"5. That as the meter had registered in the month of December more current than that which had been actually used, the plaintiff refused to pay the bill for that month, and on the following 23d of January the defendant corporation, in violation of its obligation and promise, cut off the current from the house of the petitioner; the latter further alleges that the bills for the consumption of light during the months of November and December, 1907, were presented to him in a single bill and, desiring to pay that for the month of November, he tendered the amount thereof to the company which refused to accept it, for which reason the petitioner went to the Municipal Court of San Juan and deposited therein the amount of the said bill for the month of November; all of which was done prior to the date of the application for a writ of *mandamus*.

"6. That the plaintiff is willing, and always has been willing, to pay to the defendant whatever he might owe it for light actually consumed during the said month of December, but not what the company arbitrarily wishes to collect.

"7. That he has suffered damages through the action of the defendant company in cutting off the current and leaving him without light, and that the only adequate remedy he has is by a writ of *mandamus,* because having requested the company to connect the wires and change the meter in order to obtain light and a good meter showing the consumption thereof, said company had refused his request through its employe, Mr. Freese.

"8. That the petitioner is obliged to have recourse to a *mandamus,* because he has no other ordinary, speedy and adequate remedy."

The San Juan Light & Transit Co. demurred to the petition on a number of grounds, consisting in that from the facts stated in said complaint it does not appear that the San Juan court is competent to take cognizance of the pro-

ceedings, and that the complaint is ambiguous and unintelligble as it does not clearly specify the damages which the plaintiff has suffered.

At the same time the defendant company made answer to the complaint, making the following allegations:

"1. That it admits as true the facts alleged in the first and second paragraphs of the complaint.

"2. That it also admits as true the facts alleged in the third paragraph, excepting that the company is or ever was under the obligation of furnishing light to consumers who fail to pay regularly their monthly bills, as occurs with respect to the plaintiff, who has not paid with regularity as he owes the bills for November and December, 1906, and January, 1907, and he owed them when the current was stopped.

"3. That it is not true that the meter installed in the house of the plaintiff was not working well at any time, because, on the contrary, it has always worked well and has registered only the electric current consumed in said house; nor is it true that the plaintiff requested the defendant to change said meter, although it is true that the plaintiff having refused to pay his December bill on account of the alleged bad state of the meter, the company had it inspected and found it in good condition, and that it had not promised to instal another.

"4. That the plaintiff has not paid the defendant the monthly bills he owes, because he has not paid them up to the present time and owes the bills for the months of November and December, 1906, and January, 1907, which amount to $13.90.

"5. That the company cut the wires and refuses to furnish electric current to the plaintiff, for the reason that the latter will not pay the rate which the company charges its consumers.

"6. That the plaintiff has not been willing to pay the bills he owes, but, on the contrary, has refused to do so on many occasions, and only offered to pay the November bill under the condition that the company reconnect the wires, but without offering to pay at the same time the sums he owed and owes for the months of December, 1906, and January, 1907.

"7. That if the plaintiff has suffered any damages through lack of electric current, it is his own fault, for not having paid what he owes the company, and not the fault of the company, which is not under the obligation of supplying current to persons who do not pay the schedule rates."

The San Juan court dismissed the demurrer after it had been argued, and proceeded to hold the trial, rendering a final decision on February 13 last denying the peremptory writ of *mandamus* applied for, with the costs against the plaintiff, from which decision the latter took an appeal which is now pending the decision of this Supreme Court, after the briefs and oral arguments of both parties have been heard.

An examination of the Act of March 12, 1903, to establish the writ of *mandamus,* clearly shows that its object must be the performance of some act which it is the duty of the defendant to perform by reason of an office, trust, or public duty.

The San Juan Light & Transit Co. admits its duty to furnish electric light to its subscribers, but it does not recognize this duty as an absolute one, but subject to the condition that the consumers pay regularly their monthly bills, and, as a matter of fact, this condition is established by the said company in the third rule of its regulations, and in addition a notice appears on the bill presented monthly to each of its subscribers, that if the bill is not paid by the 15th of the month, the service will be suspended.

The defendant company applied this rule because the plaintiff did not pay the bills corresponding to the months of November and December of last year, amounting to $8.36, on the ground that the December bill was excessive because the meter had registered more current than actually had been consumed.

The plaintiff has not proved that the meter installed in his dwelling house by the company was out of order, as he affirms, and that owing to this fact it registered in the month of December more than the current actually used, as he did not present any evidence as to the bad condition of the meter, while the witnesses of the defendant company, Joaquín Cañozal, a former employe of said company, and Mackenzie, an

electrical engineer thereof, testified that on November 13, 1906, and on January 17, 1907, respectively, they had examined the meter and found it to be in good condition.

It is true that the electric current consumed in the house of the plaintiff, Bothwell, during the month of November, represented the sum of $2.87, while that consumed in December amounted to $5.08, which items, together with 20 cents charged monthly for the use of the meter, give the sum of $8.35, the amount of the bill presented to Bothwell for the months of November and December, and it is also true that Bothwell and his cook, Juana Maldonado, agree in affirming that the same number and kind of lights have always been used in the former's house and that the light has been used during the same length of time approximately throughout the year; but these affirmations as to the second point appear to be rebutted by the document called readings which is part of the evidence of the defendant, and said document shows the electric current consumed during the year 1906 in the house of the plaintiff, with regard to the amounts payable by him, reads as follows:

"Jan., $4.28; April, 3.68; July, 2.84; Oct., 3.26; Feb., 4.12; May, 3.53; Aug., 2.61; Nov., 2.87; Mar., 3.35; June, 3.36; Sept., 3.33; Dec., 5.08."

Note that although in the months of March, April, May, June, September and October Bothwell had to pay the same sum, three dollars and some cents, and in the months of July, August and November, two dollars and some cents, in the months of January and February he was required to pay respectively the sums of $4.28 and $4.12, there being only a difference of 80 cents between the first of said items and that of $5.08 which the company charged Bothwell for light consumed during the month of December last, and the record does not show that Bothwell made any objection to the amounts charged him in January and February, notwithstand-

ing the fact that they were higher by more than a dollar than that for the months of July, August and November.

In view of the result of this document it appears to us very possible that the greater consumption of electric light in the month of December was due to the circumstance that the days are shorter in said month and the nights longer, as occurs also in the months of January and Februray, when the so-called readings show more than ordinary consumption of electric light by Bothwell.

Furthermore, even on the assumption that the sum of $5.08 was excessive for the month of December and therefore not payable for reasons which do not appear of record, we do not see the reason why Bothwell did not pay the sum of $3.07 corresponding tó the month of November for consumption of electric light and use of the meter during that month, when he received the letter of January 22 advising him that his electric current would be cut off if by noon of the following day, the 23d of January, if he had not paid the $8.35 that he owed for the months of November and December.

The record contains a certificate issued under date of January 30 by the secretary of the Municipal Court of San Juan to the effect that Bothwell had deposited in said court the sum of $3.07 at the disposition of The San Juan Light & Transit Co. for light consumed by him during the month of November last, and that said company had been notified thereof; but even though we admitted that the deposit had been made before application was made for the writ of *mandamus* on January 25, we could never admit that it had been made before January 23, when the electric current communicating with the house of the plaintiff had been cut off, because the latter alleges merely that the deposit was made prior to the presentation of the application for a *mandamus* and not prior to the electric current having been cut off, apart from the fact that said certificate is defective and lacking in details to permit this court to fix the exact date the

deposit was made and with what formalities, in order to determine its real legal scope.   This proof devolved on the plaintiff in view of the denial of the defendant that the bill for the month of November had been paid.

It is advisable to discuss the legality of the condition imposed by the company upon its patrons, that if the monthly bill be not paid immediately, according to the first rule of its regulations, or within 15 days, according to the note appearing on each receipt, the electric current will be cut off or the service suspended.

We believe that said rule is legal and may therefore be duly enforced.   (See sec. 1222 of the Civil Code; the case of *Sam Mackin* v. *Portland Gas* [Oregon] 49 L. R. A., p. 596; the cases cited in the opinion of the court, p. 598, and especially the case of *Jacoma Hotel Co.* v. *Jacoma Light & Water Co.,* 14 L. R. A., p. 669, and the notes on said page.)

The company might well have asked for a deposit in advance to guarantee the payment of the electric current consumed monthly by its subscribers, and it could in the same way establish as a condition for the consumption of electric light the interruption of the current in the event that the monthly bills were not paid in due time.   This rule protects the interests of the company and does not prejudice those of the public, whose duty it is to pay the bills of the company at the time agreed on and accepted.

If the company takes undue advantage of the power which it has under the first rule of its regulations, the aggrieved party may appeal to a court of competent jurisdiction to enforce his rights by applying for a writ of *mandamus,* and if in view of the evidence the court should hold that an undue advantage has been taken it will reinstate the aggrieved party in his rights; but if, as occurs in the case at bar, it be not shown that it is the duty of the company to supply the plaintiff with electric current, the application for a writ of *man-*

*damus* should be denied. (See the case of *Sam Mackin* v. *Portland Gas,* above cited, p. 599.)

This application has been made, not only for the purpose of requiring the company immediately to connect the wires which supply electric current to the house of the plaintiff, but also immediately to change the meter for one working properly.

As to the first point, the application should be denied as stated; and with respect to the second, as it has not been shown that the meter is in a bad condition, there is no reason why it should be changed for another working properly.

For the reasons stated the decision appealed from should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and Wolf concurred.

Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

I cannot agree with the decision of the majority of the court in this case.

According to the principles announced in the case of *The State of Nebraska* v. *The Nebraska Telephone Co.,* reported in 52 American Reports, beginning on page 404, and in other American authorities readily accessible, the *mandamus* prayed for herein should have been granted. In my opinion to refuse it is error. The judgment of the lower court should be reversed and judgment rendered here in favor of the plaintiff and appellant.